## Sᴛᴀʀʟɪɴɢ *v.* Tʜᴏʀɴᴇ & Bʀᴏᴛʜᴇʀ.

87  513
Case 1
f128  549

### Nᴇᴡ ᴛʀɪᴀʟ. Pʀᴀᴄᴛɪᴄᴇ. Jᴜʀᴏʀs.

1. The losing party is entitled to a new trial where it appears that a man who was not a member of the jury, and whose name was not on the list, did, without the knowledge or consent of such party or his counsel, accompany the jury to their room, remain there with them, and participate in the formation and rendition of the verdict. 1 Thompson on Trials, §§ 3 and 4, and cases cited.
2. The recital of facts in a motion for a new trial is verified where the bill of exceptions sets forth in detail all the grounds and adds: "The recitals of fact contained in the motion for a new trial, and in each of the foregoing six grounds thereof, are true and correct."

July 13, 1891.                                        *Judgment reversed.*

From Bulloch superior court.   October term, 1890. Before Judge Hɪɴᴇs.

J. G. & D. H. Cʟᴀʀᴋ, for plaintiff in error.

D. R. Gʀᴏᴏᴠᴇʀ, by brief, *contra.*

---

## Wᴇᴇᴅ *v.* Tʜᴇ Mᴀʏᴏʀ ᴀɴᴅ Aʟᴅᴇʀᴍᴇɴ ᴏғ Sᴀᴠᴀɴɴᴀʜ.

1. The special acts of September 5th, 1885, and October 1st, 1887, empowering the Mayor and Aldermen of Savannah to improve the streets and levy local assessments therefor, are not unconstitutional as special laws, or for any other reason brought to the attention of this court.
2. There was no abuse of discretion in denying the temporary injunction prayed for.

July 13, 1891.

Municipal corporations.   Assessments for street improvement.   Constitutional law.   Injunction.   Before Judge Fᴀʟʟɪɢᴀɴᴛ.   Chatham county.   At chambers, March 30, 1891.

Reported in the decision.

C. N. Wᴇsᴛ, for plaintiff.

S. B. Aᴅᴀᴍs, by A. R. Lᴀᴡᴛᴏɴ, Jr., for defendant.

Lᴜᴍᴘᴋɪɴ, Justice.

In 1885 the General Assembly passed an act author-

izing the Mayor and Aldermen of Savannah to pave, and otherwise improve, the streets of said city, and providing for the assessment of a portion of the cost of such improvements upon real estate abutting on the street improved, etc. In 1887 another act was passed authorizing said mayor and aldermen to require paving, and otherwise improving the streets of said city, and to levy and collect assessments for the same. The plaintiff in error insists that these acts are violative of par. 1, sec. 4, art. 1, of the constitution. Code, §5027. That paragraph provides that "no special law shall be enacted in any case for which provision has been made by an existing general law"; and further, that " no general law affecting private rights shall be varied in any particular case, by special legislation, except with the free consent, in writing, of all persons to be affected thereby." No provision has ever been made by any general statute of this State as to how municipalities shall cause or require the paving of streets to be done, or other local improvements to be made therein, nor for collecting the cost thereof. An act, therefore, which empowers a particular city to make such improvements, or require the same to be made, and to collect a portion of the cost thereof by assessment upon the property abutting on such streets, is not a special law infringing that clause of the constitution first above quoted. This proposition, to our minds, is so clear and plain that simply stating it is sufficient, without argument. Again, there is no general statute of which we are aware exempting the citizens of the cities and towns in this State from the imposition of assessments for improving public streets on which their property abuts; hence, there are no " private rights " in the nature of such exemption which would be varied by the passage of an act authorizing a particular city to make such improvements in its streets, and to levy

assessments therefor.    It seems equally clear, therefore, that the acts above mentioned do not vary any " general law affecting private rights," and we make the same remark with reference to the second clause of the constitution above quoted as we did concerning the first. We have given the interesting and ingenious argument of the learned and gifted counsel who presented this case for the plaintiff in error our most careful attention and thorough consideration, but it fails to convince us of any fallacy or error in the simple statements we make above as to the constitutional questions presented in this case.    If his views prevailed, improvements in the streets of our cities and towns could never be made at all upon the assessment plan, unless the legislature should see proper to pass a general law on the subject applicable alike to every city and town in the State, which would certainly be exceedingly inconvenient to many, if not most of them.    Indeed, the opposition to such a law would be so great we doubt the possibility of its enactment.    Be this as it may, we cannot think either that the framers of the constitution intended to make the passage of such a law necessary in order that paving, and other like work, in cities and towns where expedient or desirable, might be carried on, or that such a conclusion is fairly deducible from any language in that instrument itself.    To press the argument for plaintiff in error to one extreme to which it might lead, it would follow that all municipal charters in this State must be in all respects identical, a result manifestly undesirable and altogether impracticable.    In our judgment, the acts recited are not unconstitutional for the reasons assigned, or for any other reason to which our attention has been called either by the record or the argument submitted.

The trial judge did not abuse his discretion in denying the temporary injunction.        *Judgment affirmed*